UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **EILEEN PARKER**, as the Personal Representative of **THE ESTATE OF AARON MICHAEL PARKER**, deceased,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF TALLAHASSEE**, a political subdivision of the State of Florida; **DAVID NORTHWAY**, Individually; **STEPHEN DEUTSCHMAN**, Individually; **CLIFFORD CROUCH**, Individually; **DOUGLAS KUTCHERA**, Individually; **TRENT ROBERTS**, Individually; **CHRISTOPHER ROTH**, Individually; **RUSSELL SCHNEIDER**, Individually; and **STEPHEN SHIELDS**, Individually,<br><br>Defendants. | CASE NO.:4:21-cv-00189-AW-MAF<br><br><br><br>**AMENDED COMPLAINT**<br>**AND**<br>**JURY TRIAL DEMAND** |

**COMES NOW**, the Plaintiff, EILEEN PARKER, as the Personal Representative of the ESTATE OF AARON MICHAEL PARKER, by and through her undersigned counsel, and hereby files this Complaint against CITY OF TALLAHASSEE, a political subdivision of the State of Florida; and DAVID NORTHWAY, Individually; STEPHEN DEUTSCHMAN, Individually;

CLIFFORD CROUCH, Individually; DOUGLAS KUTCHERA, Individually; TRENT ROBERTS, Individually; CHRISTOPHER ROTH, Individually; RUSSELL SCHNEIDER, Individually; and STEPHEN SHIELDS, Individually, for acts that occurred during the course and scope of their employment with Co-Defendant, CITY OF TALLAHASSEE, seeking compensatory and punitive damages from Defendants for violating AARON PARKER'S civil rights under the United States Constitution and state law in connection with the fatal excessive force used against him during efforts to take him into protective custody. Plaintiff alleges as follows:

## I. IDENTIFICATION OF PARTIES AND JURISDICTION

1. The Decedent is AARON MICHAEL PARKER ("PARKER"), an adult who died on February 18, 2018, at the age of 20 (DOB: 04/15/1997), in the City of Tallahassee, Leon County, Florida.

2. Plaintiff, EILEEN PARKER ("EILEEN PARKER"), is an adult domiciled in the State of Florida, Brevard County. On April 25, 2021, the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, issued Amended Letters of Administration, appointing EILEEN PARKER as Personal Representative of the ESTATE OF AARON MICHAEL PARKER ("ESTATE"). EILEEN PARKER asserts claims on behalf of the ESTATE and SURVIVORS as permitted by law.

3. Defendant, DAVID NORTHWAY ("NORTHWAY"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department, with the rank of Sergeant. NORTHWAY is sued in his individual capacity.

4. Defendant, STEPHEN DEUTSCHMAN ("DEUTSCHMAN"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. DEUTSCHMAN is sued in his individual capacity.

5. Defendant, CLIFFORD CROUCH ("CROUCH"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. CROUCH is sued in his individual capacity.

6. Defendant, DOUGLAS KUTCHERA ("KUTCHERA"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material

to this action is being sued individually but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. KUTCHERA is sued in his individual capacity.

7. Defendant, TRENT ROBERTS ("ROBERTS"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. ROBERTS is sued in his individual capacity.

8. Defendant, CHRISTOPHER ROTH ("ROTH"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. ROTH is sued in his individual capacity.

9. Defendant, RUSSELL SCHNEIDER ("SCHNEIDER"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually, but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted

pursuant to regulations and policies of the Tallahassee Police Department. SCHNEIDER is sued in his individual capacity.

10. Defendant, STEPHEN SHIELDS ("SHIELDS"), is a citizen of the State of Florida, is over the age of 18 years, is *sui juris*, and at all times material to this action is being sued individually but was acting under color of law by virtue of his employment with the Tallahassee Police Department, and at all times acted pursuant to regulations and policies of the Tallahassee Police Department. SHIELDS is sued in his individual capacity.

11. Defendant, CITY OF TALLAHASSEE, FLORIDA ("CITY"), is a political subdivision of the State of Florida. CITY, at all times material to this action, was and is a governmental entity charged with the responsibility of administering and overseeing the City of Tallahassee Police Department located in Leon County, Florida.

## II. JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. § 1983.

13. Jurisdiction is founded upon 28 U.S.C. § § 1331, 1343, and 1367.

14. Venue is proper in this Court, as the Defendants' actions alleged to have caused the death of AARON MICHAEL PARKER; additionally, PARKER'S death occurred in this federal district, the incident in question took place in this federal district, and the Defendants reside in this federal district.

## III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. AARON MICHAEL PARKER ("PARKER"), born April 15, 1997, was 20 years of age at the time of the incident. He was a resident of Brevard County, Florida, living at the time of the incident in Tallahassee, Florida, while attending college.

16. On February 9, 2018, at approximately 10:41 p.m., a call for assistance was received by the Consolidated Dispatch Agency by Rhadisha Scurry, who was working in her capacity as a cashier at Burger King. Consolidated Dispatch Agency provided that the caller stated a white male was dancing and lying on the ground naked near the parking lot of Burger King, 1060 W. Tennessee Street, Tallahassee, Florida 32304.

17. Defendants, DAVID NORTHWAY ("NORTHWAY"), STEPHEN DEUTSCHMAN ("DEUTSCHMAN"), CLIFFORD CROUCH ("CROUCH"), DOUGLAS KUTCHERA ("KUTCHERA"), TRENT ROBERTS ("ROBERTS"), CHRISTOPHER ROTH ("ROTH"), RUSSELL SCHNEIDER ("SCHNEIDER"), and STEPHEN SHIELDS ("SHIELDS"), responded to the scene at different times during the incident.

18. Leon County Emergency Medical Services (LCEMS) were also called to the scene because of the dispatch reporting that PARKER was possibly bleeding. LCEMS arrived on the scene at 10:46 p.m.

19. The initial responding officers, NORTHWAY and SHIELDS, observed PARKER, who was in the median was naked, singing, dancing who then ran into the bushes. NORTHWAY then deployed his taser and proceeded to tase the decedent numerous times, while the other individual officers named herein ADMINISTERED, a completely fabricated hold, or what they have called the Excited Delirium Pin, and further pinned and restricted the decedent from breathing, while repeatedly tasing the decedent, causing him to expire from Rhabdomyolysis.

20. All individual officer Defendants either used excessive force on the decedent, when they repeatedly tased, struck, pinned down, and otherwise tortured the decedent, WHILE HE WAS HANDCUFFED, until he expired, or failed to stop the other individual officers named herein of the same aforementioned conduct. During this time, SHIELDS grabbed PARKER'S right arm and utilized a thigh lock maneuver to control him. Officers DEUTSCHMAN, SHIELDS, KUTCHERA, ROBERTS, ROTH, NORTHWAY and SCHNEIDER all simultaneously pinned the decedent to the ground by having their knees, thighs, arms or legs on the hand, neck, feet, head, and abdomen of the decedent who was being handcuffed, tased, and administered numerous injections, causing the decedent to expire, or allowed the other officers named herein to do so.

21. DEUTSCHMAN arrived on the scene and attempted to control PARKER'S left arm behind his back. His efforts were ineffective, so he used a closed fist to strike PARKER in the face and head multiple times.

22. CROUCH responded to the scene and observed officers using the dangerous and fatal "Excited Delirium Pin" and proceeded to pin the decedent's head to the ground to limit his movement and failed to intervene and or protect the decedent from the other named defendant officers from their and his illegal and tortious conduct. All of these individual defendants' actions constitute excessive and or unreasonable use of force and or their failure to prevent and or stop the same violation of the decedent's rights under 42 USC 1983.

23. PARKER did not receive timely, proper emergency medical treatment. Instead, these Defendants were deliberately indifferent to the decedent's known medical needs and further worsened the decedent's condition by, in essence, torturing the decedent, thereby causing Rhabdomyolysis thereby causing the decedent to expire.

24. The Defendants' deliberate failure to provide PARKER with necessary emergency medical care while arresting PARKER caused, in whole or substantial part, PARKER to experience unnecessary pain and suffering and set in motion a series of events culminating in PARKER'S untimely death and violated his rights under 42 U.S.C. sec 1983.

25. Physicians determined that PARKER had suffered cardiac arrest, acute respiratory failure, acute kidney injury, Rhabdomyolysis with oliguria, and an anoxic brain injury due to lack of oxygen. The fatal injuries were the apparent result of the Defendants' excessive force used against PARKER caused by the unreasonable use of taser shocks by NORTHWAY and attempts by the other Defendants to keep him pinned to the ground.

26. PARKER'S autopsy performed on February 18, 2018, revealed he had marked cerebral edema with severe vascular congestion and congestive hemorrhages, blunt-force trauma, partial-thickness scalp contusions, abrasions and contusions of the face, ragged lacerations of the upper and lower lips, contusions on the left flank and left hip, patterned abrasions and contusions of the bilateral lower extremities of the feet, acute aspiration of the right lung. All of these injuries were still visible to the medical examiner a full nine days after the incident.

### IV. Count I- Failing to Intervene and Stop Unreasonable and Or Excessive Use of Force during the Illegal, Detention, and Arrest (42 U.S.C. §1983) Against Individual Defendants

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as if set out in full herein.

28. Defendants' acts towards PARKER violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to PARKER under

the Fourth Amendment to the United States Constitution and applies to state actors by the Fourteenth Amendment, when the failed to intervene, and or stop the other named individual defendants from violating the decedent's rights under 42 USC 1983, thereby causing the decedent to expire.

29. As a result of the conduct of the abovementioned Defendants, they are liable for PARKER's injuries and ultimate death because of their integral participation in the unreasonable detention of PARKER.

30. Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PARKER and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

31. Accordingly, Defendants are each liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, and all other damages allowed under 42 U.S.C. § 1983. All of the named Defendants knew or should have known that the Defendant's conduct violated the decedent's rights under 42 USC 1983, and or it was or should have been evident that their conduct would violate the decedent's rights under 42 USC 1983.

32. Plaintiff seeks costs, attorney fees under this claim, and all other damages allowed by law, including punitive damages, under 42 USC 1983 and 42 USC 1988.

WHEREFORE the Plaintiff seeks costs, attorney fees under this claim, and all other damages allowed by law, including punitive damages for the conduct complained herein.

## V. Count 2- Unreasonable and Excessive Force (42 U.S.C. § 1983) Against Individual Defendants

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if set out in full herein.

34. All named individual Defendants used excessive force when: arresting; handcuffing; tasing; illegally pinning the decedent to the ground; tasing and pinning the decedent to the ground while he was handcuffed, not allowing him to breathe; and causing the decedent to expire from RHADOBYOLISIS, and other complications. The unreasonable use of force and use of multiple taser deployments against PARKER deprived PARKER of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to PARKER under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment and under 42 USC 1983.

35. Defendants were integral in neglecting the situation and using excessive force upon PARKER, resulting in PARKER'S ultimate and untimely death.

36. This use of deadly force was excessive and unreasonable under the circumstances, especially since PARKER was in a state of a mental health emergency and was unaware of his actions at the time. Defendants knew or should have known that PARKER was suffering from a medical emergency and should have taken precautions given the totality of the circumstances. Defendants' actions thus deprived PARKER of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

37. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PARKER and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

38. As a direct and proximate cause of the Defendants' actions, PARKER expired and is seeking all damages allowed by law, for his Estate and for the decedent's survivors who have therefore suffered damages recoverable through Florida's Wrongful Death and/or Survival Statutes, and all other damages available by law.

WHEREFORE the Plaintiff seeks costs, attorney fees under this claim, and all other damages allowed by law, including punitive damages for the conduct complained of herein.

## VI. Count 3- Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983) Against Individual Defendants

39. Plaintiff incorporates by reference Paragraphs 1 through 47 as if set out in full herein.

40. Individual Defendants' denial of medical care deprived PARKER of treatment for his medical emergency, giving rise to the officers' introduction to PARKER and capitalized by the extensive injuries assailed against PARKER.

41. The Defendants were aware of the current condition of PARKER and the possible consequences that might have occurred if Defendants did not perform proper precautions in arresting PARKER and disregarded his need for immediate medical care.

42. The Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PARKER and therefore warrants the imposition of exemplary and punitive damages as to Defendants. As a direct and proximate cause of the Defendants' actions, PARKER expired and is seeking all damages allowed by law, for his Estate and for the decedent's survivors who have therefore suffered damages recoverable through Florida's Wrongful Death and/or Survival Statutes, and all other damages available by law.

WHEREFORE the Plaintiff seeks costs, attorney fees under this claim, and all other damages allowed by law, including punitive damages for the conduct complained of herein.

## VII. Count IV- Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983) Against City of Tallahassee

43. Plaintiff incorporates by reference Paragraphs 1 through 26 as if set out in full herein.

44. Defendant CITY deprived Plaintiff and PARKER of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and Plaintiff and PARKER, and persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a) Employing and retaining as police officers and other personnel, including the abovementioned Defendants, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including the abovementioned Defendants, and failing to institute appropriate policies, regarding the use of excessive force, including deadly force, and on negotiating with persons suffering from a mental health emergency or, in general, on how to act during a medical emergency;

(d) By having and maintaining a policy, custom, and practice of using excessive force, Individual Defendants and Defendant CITY showed deliberate indifference to individuals' safety and rights, including this Excited Delirium Pin; and

(e) Of totally inadequately training CITY Police Officers, including abovementioned Defendants, with respect to arresting and dealing with unarmed individuals, including, but not limited to, individuals suffering from a mental health emergency.

(f) Of totally inadequately training CITY Police Officers, including abovementioned Defendants, with respect to responding appropriately to unarmed subjects.

45. Individual Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions, thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PARKER, Plaintiff, PARKER'S survivors, and other individuals similarly situated.

46. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Individual Defendants, acted with an intentional, reckless, and callous disregard for the life of PARKER and PARKER's and Plaintiff's constitutional rights. Individual Defendants, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and highly offensive, and unconscionable to any person of ordinary sensibilities.

47. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Individual Defendants were affirmatively linked to and were a significantly influential force behind the injuries and death of PARKER.

48. As a direct and proximate cause of the Defendants' actions, PARKER expired and is seeking all damages allowed by law, for his Estate and for the decedent's survivors who have therefore suffered damages recoverable through

Florida's Wrongful Death and/or Survival Statutes, and all other damages available by law.

WHEREFORE the Plaintiff seeks costs, attorney fees under this claim, and all other damages allowed by law, including punitive damages for the conduct complained of herein.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a trial by jury on all claims/issues in this matter that may be tried by a jury

*Respectfully Submitted,*

*/s/John Vernon Moore/s/*
**JOHN VERNON MOORE, ESQUIRE**
Florida Bar No.: 105403
***The Law Office of John Vernon Moore, P.A.***
700 N Wickham Road, Suite 206
Melbourne, Florida 32935
Tel. (321) 529-7777
Fax (321) 529-2289
Email: john@jmoorelegal.com
Attorney for Plaintiff